IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVIS T. MONTFORT | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-08-CV-0514-G |
| | § | |
| STATE BAR OF TEXAS, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is an unspecified civil action brought by Davis T. Montfort, appearing *pro se*, against the bar associations of 40 different states. On March 25, 2008, plaintiff filed a four-page document entitled "Suit of Lien." However, he did not pay the statutory filing fee or seek leave to proceed *in forma pauperis*. The court notified plaintiff of this deficiency on March 28, 2008. Plaintiff was ordered to either pay the filing fee or seek leave to proceed *in forma pauperis* within 20 days, or his complaint would be dismissed. *See* Order, 3/28/08. No corrective action was taken in response to that order. On April 28, 2008, the court again ordered plaintiff to correct this deficiency within 20 days and reminded him that the failure to do so "may result in the imposition of sanctions, including dismissal of this action for want of prosecution." *See* Order, 4/28/08. To date, plaintiff has not paid

the statutory filing fee or sought leave to proceed *in forma pauperis*. The court now determines that this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

II.

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

Plaintiff has not paid the statutory filing fee or sought leave to proceed *in forma pauperis*. Until he does so, this litigation cannot proceed. Plaintiff was twice notified of this deficiency and warned that the failure to pay the filing fee or seek leave to proceed *in forma pauperis* would result in the dismissal of his case. Both orders have been ignored. Under these circumstances, dismissal is clearly warranted. *See Lattimer v. Dretke*, No. 3-05-CV-2370-M, 2006 WL 385126 (N.D. Tex. Jan. 25, 2006) (recommending dismissal without prejudice after plaintiff failed to comply with two court orders requiring him to either pay the statutory filing fee or seek leave to proceed *in forma pauperis*).[1]

---

[1] The court notes that two prior civil actions brought by plaintiff also were dismissed after he failed to either pay the statutory filing fee or seek leave to proceed *in forma pauperis*. *See Montfort v. Veteran Administration Hospital*, No. 3-07-CV-0154-P (N.D. Tex. May 18, 2007); *Montfort v. 7-11*, No. 3-06-CV-2226-K (N.D. Tex. Mar. 9, 2007).

## RECOMMENDATION

This case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 20, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE